**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MARYLAND**
*Greenbelt Division*

| | |
|---|---|
| IN RE:<br>Theresa Dawn Royal<br>   *aka* Theresa Dawn Royal Brown<br>       Debtor | Case No. 18-20486-WIL |
| The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificateholders of the CWABS Inc., Asset-Backed Certificates, Series 2006-1<br>       Movant, | Chapter 13 |
| vs. | |
| Theresa Dawn Royal<br>       Debtor | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS CASE WITH PREJUDUCE, REQUEST FOR IMPOSITION OF TWO YEAR BAR TO RE-FILING AND IMPOSITION OF AN EQUITABLE SERVITUDE FOR TWO YEARS ON REAL PROPERTY LOCATED AT 12305 QUILT PATCH LANE, BOWIE, MARYLAND 20720**

      COMES NOW, The Bank of New York Mellon *f/k/a* The Bank of New York, as Trustee for the Certificateholders of the CWABS Inc., Asset-Backed Certificates, Series 2006-1 (hereinafter "Movant"), by and through undersigned counsel, submits this Memorandum of Law in support of its Motion to Dismiss Case with Prejudice, Request for Imposition of Two Year Bar to Re-filing, and Imposition of an Equitable Servitude for Two Years on real property located at 12305 Quilt Patch Lane, Bowie, Maryland 20720, and states as follows:

## FACTUAL BACKGROUND

1. On or about August 8, 2018, Theresa Dawn Royal (hereinafter "Debtor") filed a voluntary petition in this Court under Chapter 13 of the United States Bankruptcy Code.

2. Timothy P. Branigan is the duly appointed Chapter 13 Trustee of the Debtor's bankruptcy estate.

3. At the time of initiation of the bankruptcy proceedings, the Debtor owned a parcel of real estate located in Prince George's County, Maryland, and improved by a residence known as **12305 Quilt Patch Lane, Bowie, Maryland 20720** ("Property"). Upon information and belief, this Property is the Debtor's primary residence.

4. Movant is a secured creditor of the Debtor and Movant holds a first priority lien on the subject Property and its interest is evidenced by a promissory note ("Note") dated December 14, 2005, executed by Debtor in the original principal amount of $309,600.00 with interest at the original note rate of 5.8%. A copy of the promissory note is <u>attached</u> hereto.

5. Said Note is secured by a certain Deed of Trust also dated December 14, 2005, executed by Debtor and recorded in the land records of Prince Georgie's County, Maryland at Liber 24080, Folio 209, which instrument secures Movant's lien. A copy of the deed of trust is <u>attached</u> hereto.

6. Including the present Chapter 13 bankruptcy filing, the Debtor has now filed a total of four (4) bankruptcy petitions with this Court. A recitation of the history of filings is described more particularly below:

   A. Debtor filed Case No. 06-18017-PM, under Chapter 13 on December 12, 2006. This case converted to a case under Chapter 13 on December 23,

2009.  On or about November 8, 2007, Movant filed a motion requesting relief from automatic stay related to the Property (Doc. No. 58).  The parties entered into a Consent Order Modifying Automatic Stay on December 5, 2007 (Doc. No. 63).  Debtor defaulted under the terms of this agreement and Movant filed a First Notice of Default (Doc. No. 71) on March 3, 2008.  Debtor defaulted again under the terms of this agreement and Movant filed a Second Notice of Default (Doc. No. 72) on May 20, 2008.  This case closed on March 30, 2010 (Doc. No. 118).  Sale was scheduled for January 15, 2016. The sale was canceled pending a loss mitigation request. The loan modification was denied, and the sale was reset for January 26, 2017. This was canceled due to the bankruptcy filing of Case 17-11013-WIL.

B.  Debtor filed Case No. 17-11013-WIL, under Chapter 13 on January 25, 2017.  On or about March 6, 2017, a **mere 1.5 months** after the bankruptcy filing, Debtor filed a voluntary Motion to Dismiss Case (Doc. No. 13).  This Court granted Debtor's motion an entered an order dismissing case on March 7, 2017.  Sale was reset to April 13, 2017. On April 6, 2017, the sale was canceled for a loss mitigation request. The loss mitigation was canceled, and the sale was reset for November 15, 2018. This was canceled due to the bankruptcy filing of case 17-25317-WIL.

C.  Debtor filed Case No. 17-25317-WIL, under Chapter 13 on November 15, 2017.  Debtor filed a Motion to Convert (Doc. No. 14) to Chapter 7 on January 3, 2018.  This Court granted the Debtor's motion on January 23, 2018 (Doc. No. 18).  An order closing the case (Doc. No. 32) was entered on May 2, 2018.  Sale was scheduled for August 9, 2018. This was canceled due to the filing of case 18-20486-WIL.

D.  Debtor filed Case No. 18-20486-WIL under Chapter 13 on August 8, 2018.  On or about September 11, 2018, Movant filed an Objection to Plan Confirmation (Doc. No. 20).  An order denying plan confirmation with leave to amend (Doc. No. 29) was entered on October 18, 2018.  Debtor is required to file an amended plan by November 6, 2018.  **This case remains open**.

7.      Upon the basis of the history of the Debtor's serial filings and the timing of the Debtor's actions, cause exists to dismiss the current bankruptcy case with prejudice for bad faith and to bar the Debtor from re-filing for a period of two years.  There is also cause to impose an equitable servitude for a period of two years.  The reasons for the relief requested are described more particularly below.

## ARGUMENT

I. <u>The Current Bankruptcy Case Should be Dismissed with Prejudice for Bad Faith and Debtor Should be Barred from Re-Filing for Two Years.</u>

8. Generally, a court must consider the totality of circumstances to determine whether a case was filed in bad faith. *In re Frenandez,* 212 B.R. 361, 369 (Bankr.C.D.Cal. 1997), *aff'd* on other grounds, 227 B.R. 174 (9th Cir. BAP 1998), *aff'd* F. 3d 220 (9th Cir. 2000) (finding that courts may consider several factors when deciding whether debtor's bankruptcy filings lacked good faith, including the number of bankruptcy filings, whether the filings were docketed on the eve of foreclosure sales, whether debtor attempted to prosecute his or her case by appearing at scheduled hearings and meetings, and whether debtor made plan payments to the trustee).

9. The latest bankruptcy case should be scrutinized carefully to ensure that it does not constitute abuse of the bankruptcy process or a "bad faith" filing. *In re Sanford*, 403 B.R. 831, 842 (Bankr. D. Nev. 2009); *Johnson vs. Home State Bank*, 501 U.S. 78, 88 (1991) ("[T]he bankruptcy court retains its broad equitable power to 'issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the [the Code.]") (citing 11 U.S.C. § I 05(a)).

10. Under 11 U.S.C. § 1307(c) courts have authority to dismiss a Chapter 13 case "for cause" including "unreasonable delay by the debtor that is prejudicial to creditors." §1307(c)(l).

11. The facts related to these cases demonstrate that the Debtor has no intention of utilizing the bankruptcy court system for its intended purpose, reorganization of debt and treatment of creditor's claims with the purported aim of a "fresh start."

12. Debtor has demonstrated an unwillingness to confirm a Chapter 13 plan despite repeated failed attempts in previous cases. Debtor filed Case No. 17-11013-WIL, under Chapter 13 on January 25, 2017. On or about March 6, 2017, a **mere 1.5 months** after the bankruptcy filing, Debtor filed a voluntary Motion to Dismiss Case (Doc. No. 13). This Court granted Debtor's motion and entered an order dismissing case on March 7, 2017. Debtor used the Bankruptcy Code for her purposes, which was to prevent state court action against her primary and sole asset, the Property, without any intent of prosecuting her 2017 case. Debtor repeated this scheme when she filed her second 2017 bankruptcy case, Case No. 17-25317-WIL on November 15, 2017, in which she failed to confirm a Chapter 13 Plan but rather moved to convert the case to one under Chapter 7 so that the case could be quickly closed. As of the filing of the pending bankruptcy case, her fourth bankruptcy case, it is clear that she had become well-versed in manipulating and frustrating state court actions by utilizing the powerful bankruptcy automatic stay. This type of audacious behavior is typical of abusive bankruptcy filers.

13. Debtor is contractually due for the **June 1, 2008 payment onward**. This mortgage account status is especially noteworthy considering that the very first mortgage payment due under the Note was January 1, 2005, meaning that the Debtor has only made 3**.5 years out of 10 years of mortgage payment obligations**. This type of behavior is not only shocking and unconscionable, but also illustrates clearly the Debtor's ease and comfort with manipulating the bankruptcy court with abject impunity in an attempt to frustrate the Movant's rights to move forward with state court foreclosure proceedings.

14. It is superfluous to say, but must be said, that consequently, Debtor has not (a) made a single post-petition payments directly to the lender pursuant to Md. Local Rule

3070-l (a) in the present bankruptcy case, and (b) Movant has received little if any plan disbursements arising out of either 2017 case or her 2018 case.

15.     For these reasons, Debtor's serial bankruptcy filings demonstrate objective futility as well as subjective bad faith and the latest 2018 filing is yet another piece in the pattern of abusive, serial bankruptcy filings, meant only to frustrate creditors rather than for any legitimate purpose.  Therefore, cause exists to dismiss this latest bankruptcy case with prejudice and to impose a two year bar against any future bankruptcy filing by Debtor.

II.  An Equitable Servitude Should be Imposed for 2 Years on the Property

16.     The pernicious nature of serial filings has been addressed and highlighted by bankruptcy courts nationwide.  See generally *In re Spectre Group Inc.*, 185 B.R.  146, 156 (Bankr. S.D.N.Y.  1995) (finding that bad faith exists where debtor lacks any realistic possibility of reorganization and files the petition for the sole purpose of frustrating and delaying its secured creditor's efforts to enforce its legitimate rights); *In re Case*, 198 F.3d 327, 332 (2d. Cir.  1999) ("Serial filers . . . are . . . **among the Hannibal Lecters** of current bankruptcy litigation."); *In re Kinney*, 51 B.R.  840, 845 (Bankr. C.D. Cal. 1985) ("Where . . . debtors utilize the automatic stay without the intent or ability to reorganize their financial activities or effectuate a realistic repayment plan, they are abusing the bankruptcy system").

17.     This Court holds the authority, pursuant to *In re Yiman*, 214 B.R. 463 (Bankr.D.Md.1997), to invoke a remedy to prevent the continuing abuse of the bankruptcy process in the presence of a variety of factors, including (a) whether the serial filings were designed to forestall foreclosure, (b) the sheer number of bankruptcy filings, (c) whether

debtor had made sincere effort to prosecute her case and (d) the objective futility of the latest bankruptcy filing, among others.

18. An examination of these cases demonstrates that Debtor does not intend to diligently prosecute her case(s), both cases having resulted in an order denying confirmation of plan without leave to amend. Moreover, the case history strongly indicates that plan confirmation is not feasible and objectively futile.

19. It is highly likely that even if this Court were to enter an order dismissing this case with prejudice and impose a two year bar to re-filing, the Debtor will simply ignore that order and file yet another bankruptcy case. An equitable servitude would preserve judicial resources by preemptively providing notice to both bankruptcy and state court actors that any new bankruptcy filing will not affect ongoing state court proceedings.

## CONCLUSION

20. Based on the serial nature of bankruptcy filings, Debtor's unwillingness to prosecute her cases in good faith and Debtor's failure to maintain payments to Movant, cause exists to dismiss this case with prejudice for bad faith and for the imposition of a two year bar to re-filing.

21. The facts discussed *supra* clearly indicate that there is a high likelihood that Debtor will continue to file bankruptcy cases unfettered and with impunity. An equitable servitude would render impotent the harmful effects that Movant and other creditors continue to suffer with each new bankruptcy filing. Therefore, cause also exists for imposing an equitable servitude on the subject Property, which servitude would prevent the automatic stay from attaching to the Property by reason of any new

bankruptcy being filed by any person holding an interest in the Property, including but not limited to Theresa Dawn Royal.

**WHEREFORE**, Movant requests that the Court grant the motion to dismiss case with prejudice with a two year bar to re-filing, grant the request for imposition of an equitable servitude for two years, and for such other and further relief as deemed proper.

Respectfully submitted,

 /s/   Gene Jung, Esq.
Gene Jung, Esq., MD Fed. Bar No. 14950
Brock & Scott, PLLC
7564 Standish Place, Suite 115
Rockville, MD 20855
(410) 306-7821
(240) 316-7825 facsimile
Gene.Jung@brockandscott.com

*Counsel for Movant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this   19th   day of   November  , 2018, the following persons were served a copy of the foregoing Memorandum, in the manner described below:

*Via* First Class Mail, Postage Prepaid:

Theresa Dawn Royal
12305 Quilt Patch Lane
Bowie, MD 20720
*Debtor*


*Via* CM/ECF Electronic Notice:

Timothy P. Branigan
9891 Broken Land Parkway
Suite 301
Columbia, MD 21046
*Chapter 13 Trustee*


                                                     */s/ Gene Jung*
                                                     Gene Jung